# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2021-3341
_____

JEROME DAVIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Madison County.
Melissa G. Olin, Judge.

October 9, 2024

RAY, J.

Prior to Jerome Davis's criminal trial, the trial court granted defense counsel's motion for the appointment of an expert to evaluate his client's competence to proceed. The expert found Davis competent, the trial took place without objection, and Davis was convicted as charged.

Davis now argues that the trial court committed fundamental error by conducting the trial without first holding a competency hearing and making an independent determination on his competency. Guided by the analysis of this court's recent decision in *Awolowo v. State*, 389 So. 3d 788 (Fla. 1st DCA 2024), we affirm.

In *Awolowo*, the court held that a defendant does not have a constitutional right to an adjudication on competency unless the

trial court has reasonable grounds to believe that the defendant is incompetent to proceed. *Id.* at 795. With that foundational principle in mind, the court explained that:

> Fundamental error will only arise from a trial court's failure to make a determination of the defendant's competency when the record shows there were reasonable grounds to believe that the defendant was incompetent to proceed. It is the violation of the right not to be tried when there are reasonable grounds to question the defendant's competency—not the right to have a hearing and competency determination—that deprives a defendant of due process. And so, when the record does not show reasonable grounds for the trial court to have believed that the defendant was incompetent to proceed, the trial court does not fundamentally err by failing to hold a competency hearing and failing to enter a written order on the defendants' competency. This is so even if the trial court has ordered an expert evaluation of the defendant's competency.

*Id.* at 796. Thus, "when reviewing whether a trial court fundamentally erred by not entering an order on competency, the appellate court reviews the record for information that would show reasonable grounds to order an evaluation of the defendant's competency." *Id.* at 796 n.3.

Turning to this case, the State charged Davis with aggravated battery on a law enforcement officer, fleeing or attempting to elude law enforcement, and resisting an officer with violence. About a year after Davis's first appearance, defense counsel filed a motion for a competency evaluation under Florida Rule of Criminal Procedure 3.210. The trial court granted the motion and set a date for a competency hearing.

After multiple delays and continuances, the court-appointed expert evaluated Davis and concluded that he was competent to proceed. At the next status hearing, the prosecutor and defense counsel updated the court on the expert's report. Nothing more was said or done on the issue of Davis's competency. The case proceeded to trial, and a jury found Davis guilty as charged.

As in *Awolowo*, Davis does not argue on appeal that he was legally incompetent to proceed at any material stage of his criminal proceeding. Nor does he even suggest that there were reasonable grounds to doubt his competency at the time of trial. Rather, he relies on opinions from this court holding that a trial court's failure to make an independent competency determination after granting a rule 3.210 motion constitutes fundamental error. But as explained above, *Awolowo* instructs us on how to apply the fundamental error standard of review on this issue.* Following this framework, we find that nothing in the record provided reasonable grounds for the trial court to believe that Davis was incompetent to proceed.

First, we consider counsel's motion asking the trial court to appoint an expert to determine Davis's competency. The motion asserted that "based upon the content of conversations between the undersigned and defendant," counsel has "good faith and reasonable grounds to believe that defendant may be incompetent to proceed." This boilerplate language does not provide the requisite factual basis to support a motion for examination. *See* Fla. R. Crim. P. 3.210(b)(1) (requiring that "[t]o the extent that it does not invade the lawyer-client privilege," a motion filed by counsel seeking a competency evaluation "shall contain a recital of the specific observations of and conversations with the defendant that have formed the basis for the motion"). As this court explained in *Awolowo*, "under the rule, it was counsel's duty to inform the court of the facts supporting his belief that [the defendant] was not competent to stand trial." *Awolowo*, 389 So. 3d at 796. Counsel failed to do so here.

Second, the trial court's order appointing an expert likewise included no facts or circumstances that would reasonably cast doubt on Davis's competency. The order merely noted that the matter was before the court on defense counsel's motion "and, further, the Court having reasonable grounds to question defendant's competence to proceed." Yet nothing before the court

---

* Neither the trial court nor the parties had the benefit of this court's opinion in *Awolowo*, which was issued after briefing concluded in this appeal.

called Davis's competency into question other than the bald assertions in defense counsel's motion.

Third, no evidence shows that Davis had previously been found incompetent to stand trial. Thus, there is no presumption of incompetence that would persist here. More to the point, the only expert evaluation in the record concluded that Davis was legally competent.

Fourth, Davis gave no indication during trial proceedings that he lacked the mental competence to proceed. Just the opposite. Davis was engaged and polite throughout the proceedings. There were no outbursts or other concerning behavior. Davis also showed an understanding of the legal proceeding against him and assisted in his own defense. *See Owens v. State*, 323 So. 3d 857, 857 (Fla. 1st DCA 2021) (explaining that to demonstrate incompetence to stand trial, "the evidence must indicate a present inability to assist counsel or understand the charges" (quoting *Card v. Singletary*, 981 F.2d 481, 487–88 (11th Cir. 1992))).

For example, during voir dire, the court asked Davis if he was comfortable with the jury panel that was chosen. Davis stated that he was. Later, Davis chose to testify. The court conducted a colloquy, during which Davis acknowledged that he understood he had the right to testify and had discussed the pros and cons of testifying with his attorney. Davis testified to a detailed version of events and directly answered the questions posed to him. Defense counsel also conferred with Davis throughout the trial.

During sentencing, defense counsel brought up the issue of Davis's competency but argued it was merely stress that caused Davis to flee the traffic stop:

> If your Honor will recall, there was a significant delay in this case because we were exploring Mr. Davis' competency due to mental illness. And it's my position that the stress of that evening and the—and all of that, triggered reactions that normally, normally, he was able to keep at bay.

The court then conducted a colloquy with Davis about a signed waiver of jail credit. The court asked Davis if the signature on the

4

waiver was his, whether he understood what the document said, whether he was coerced or threatened into signing it, and whether the dates reflecting the time spent in jail on this case were correct. When Davis responded that he had not looked at the document, his attorney discussed the waiver with him and explained the reasoning behind it. Davis then told the trial court that the waiver was correct.

After sentencing, the court held a hearing at Davis's request to contest the amount of the $1,000 fee requested by the public defender. Davis was appointed conflict-free counsel, who explained that Davis believed a $500 public defender fee was fair. Prior to the hearing, Davis asked his conflict counsel to take an offer of $500 to the public defender. Counsel did so, and the public defender accepted that amount. The court questioned Davis at length to ensure that he understood he was waiving his right to an evidentiary hearing on the fee. Davis agreed, and the court imposed the stipulated amount.

In sum, nothing in the motion filed by Davis's counsel, the trial court's order appointing an expert, or the record provides reasonable grounds to believe that Davis was incompetent to proceed. Thus, any error in the trial court's failure to hold a competency hearing or decide his competency did not rise to the level of fundamental error. *See Awolowo*, 389 So. 3d at 798.

AFFIRMED.

LEWIS and NORDBY, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

Jessica J. Yeary, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

5

Ashley Moody, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.